## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**BREVARD COUNTY, FLORIDA,**

    **Plaintiff,**

**v.**                                                    **Case No: 6:14-cv-2041-Orl-41KRS**

**MIKE SMALDORE,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

**I.    BACKGROUND.**

On December 11, 2014, Mike Smaldore filed *pro se* a notice of removal.[1] The document is largely unintelligible, but it appears that he is seeking, pursuant to 28 U.S.C. § 1455, to remove from state court the following criminal prosecutions: (1) Case No. 12CR050682, filed in Onslow County, North Carolina; (2) Case No. 052012mm068410-axxx-x, filed in Brevard County, Florida; (3) Case No. 052013mm056370-axxx-xx, filed in Brevard County, Florida; and, (4) Case No. 05-2013-AP-021258-AXXX-XX,[2] filed in Brevard County, Florida. *See* Doc. No. 1. It is unclear with which

---

[1] Smaldore did not pay the filing fee or move for leave to proceed *in forma pauperis*. However, the payment of a filing fee is not required for the removal of a state criminal prosecution to federal court. *See Alabama v. Lucy*, Civil Action No. 14-00434-KD-N, 2014 WL 4685631, at *1 n.1 (S.D. Ala. Sept. 22, 2014) (quoting *Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 285 (5th Cir. 1964)).

[2] It appears that Case No. 052012mm068410-axxx-x was appealed to and assigned the above case number by an appellate panel of the Eighteenth Judicial Circuit Court in and for Brevard County. *See* Doc. No. 1-2 at 11, 19 (showing notice of appeal filed on July 3, 2013); *see also eFacts*, Brevard County Clerk of Courts, https://vweb1.brevardclerk.us/facts/caseno.cfm?CFID=2522298&CFTOKEN=81330423 (search case number "05-2013-AP-021258-AXXX-XX") (last visited Dec. 18, 2014).

crimes Smaldore was charged in these criminal prosecutions because he did not attach any charging documents to his notice of removal.

Smaldore also repeatedly mentions in the notice of removal a domestic relations matter filed in the Eighteenth Judicial Circuit Court in and for Brevard County (Case No. 052012dr019605-xxxx-xx), asserting that the criminal prosecutions that he seeks to remove were effected by and used as "Charging Evidence and Primary Evidence" in the domestic relations matter. *See id.* at 3. In relation to the domestic relations matter, he asserts a violation of 18 U.S.C. § 1506 – Theft or Alteration of Record or Process; False Bail, as well as obstruction of justice. *Id.* at 1. He also references two other Onslow County, North Carolina proceedings: "N.C. Superior Court Special Proceedings 11SPC1239" and "N.C. Civil Cs.#11cvd3505." *Id.* at 3.

Smaldore also alleges that he was assaulted by individuals sent by "the Plaintiff," and that these individuals successfully engaged in witness tampering. He attempted to file a "Federal Counter-Complaint" in one of the Brevard County criminal prosecutions, but the court refused to allow him to do so. He was falsely imprisoned for 500+ days, and obstructed from counsel or research. *Id.*

In support of his notice of removal, Smaldore filed, among other things, a copy of the docket activity in Brevard County Case No. 05-2012-MM-068410-AXXX-XX and Case No. 05-2013-AP-021258-AXXX-XX. *See* Doc. No. 1-2.

Additionally, on December 19, 2014, Smaldore filed a Motion: For Correction (Doc. No. 4), in which he moves to reclassify the instant case from a civil action to a criminal action.

## II.   LEGAL STANDARD.

Pursuant to 28 U.S.C. § 1455, a defendant desiring to remove any criminal prosecution from State court "shall file in the district court of the United States for the district and division within

which such prosecution is pending a notice of removal . . . ." 28 U.S.C. § 1455(a). The notice of removal must be signed in accordance with Federal Rule of Civil Procedure 11 and contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the defendant in the removed actions. *Id.*

"The United States district court in which such notice is filed shall examine the notice promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4). In order to properly remove a state criminal prosecution, "[a] notice of removal of a criminal prosecution shall include all grounds for such removal," and "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds . . . ." *Id.* § 1455(b)(2).

Federal law provides limited circumstances when a state criminal prosecution may be removed to federal court, including certain prosecutions against or directed to officers of the United States and members of the armed forces of the United States. *See* 28 U.S.C. § 1442(a); 28 U.S.C. § 1442a. Federal law also provides that a defendant may remove a state criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

**III.   ANALYSIS.**

An examination of Smaldore's notice of removal and exhibits attached thereto make it apparent that removal should not be permitted because Smaldore has failed to state any recognized grounds for removal of the state criminal prosecutions.

As to the Onslow County, North Carolina criminal prosecution, Smaldore's notice of removal is improper because a defendant seeking to remove a criminal prosecution must file his notice of removal "in the district court of the United States for the district and division within which such prosecution is pending." *See* 28 U.S.C. § 1455(a). Onslow County, North Carolina is located within the Eastern District of North Carolina, not within the geographic bounds of this Court. *See County List*, Eastern District of North Carolina United States District Court, http://www.nced.uscourts.gov/counties/Default.aspx (last visited Dec. 18, 2014). Additionally, Smaldore's notice of removal of the Onslow County criminal prosecution is improper for the same reasons discussed below in relation to the Brevard County criminal prosecutions.

As to the Brevard County, Florida criminal prosecutions, Smaldore's notice of removal is improper because there is no statutory basis for removal. There is no suggestion that Smaldore is an officer of the United States or a member of the United States' armed forces, such that removal would be appropriate pursuant to §§ 1442, 1442a. As to removal pursuant to § 1443, a defendant must show that (1) "the right upon which [he] relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" and (2) "he has been denied or cannot enforce that right in the state courts." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (citation omitted) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 794 (1966)). Here, Smaldore has not cited as the basis for removal any federal civil rights law providing for specific civil rights stated in terms of racial equality. Rather, as discussed above, Smaldore cites 18 U.S.C. § 1506, which is a

provision of the Federal Criminal Code, and otherwise makes allegations of obstruction of justice, witness tampering, deprivation of the right to counsel and false imprisonment, all of which implicate rights of general application.  *See* Doc. No. 1.  Furthermore, Smaldore has not shown that he is unable to enforce in state court, or that the state courts have otherwise denied him, any specific civil right arising from a federal law providing for that right stated in terms of racial equality.

As such, Smaldore has failed to state any grounds for removal of the state prosecutions and he has waived any other grounds for removal that may exist as of the filing of the notice of removal. *See* 28 U.S.C. § 1455(b)(2).  Accordingly, I recommend that the Court find that it is clearly apparent from the face of Smaldore's notice of removal and exhibits attached thereto that removal should not be permitted.

Additionally, insofar as Smaldore's notice of removal could be construed as an attempt to initiate a new civil proceeding regarding actions taken by the state court or other individuals in relation to the Brevard County domestic relations matter, it is clear that Smaldore did not intend to do so.  A review of other cases filed by Smaldore in this Court reveals that he has already initiated separate civil actions involving allegations related to the Brevard County domestic relations matter. *See Smaldore v. Hadry*, Case No. 6:14-cv-1714-Orl-37TBS, Doc. No. 1 (M.D. Fla. Oct. 21, 2014); *Smaldore v. Fournie*, Case No. 6:14-cv-1713-Orl-22DAB, Doc. No. 1 (M.D. Fla. Oct. 21, 2014).

**IV. RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **REMAND** Case No. 12CR050682 to Onslow County, North Carolina District Court, and **REMAND** Case No. 052012mm068410-axxx-x, Case No. 052013mm056370-axxx-xx, and Case No. 05-2013-AP-021258-AXXX-XX to the Eighteenth Judicial Circuit Court in and for Brevard

County, Florida, **DENY as moot** Smaldore's Motion: for Correction (Doc. No. 4) and **DIRECT** the Clerk of Court to close the file.

**The Clerk of Court is directed to mail a copy of this Report and Recommendation to Smaldore at his address of record.**[3]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 30, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] In the instant action, Smaldore did not provide the Court with a current address or telephone number at which he could be contacted when he filed his complaint. Rather, his address of record was derived from the return address listed on the envelope in which he mailed to the Court his Motion: For Correction (Doc. No. 4). Federal Rule of Civil Procedure 11 provides that "[e]very pleading, written motion, and other paper must . . . state the signer's address, e-mail address, and telephone number." If Smaldore continues to file papers with this Court, he must comply with Rule 11. Furthermore, Smaldore sent an email to a Judge of this Court requesting a modification to the case number of the instant case. Such *ex parte* communications are inappropriate. In the future, any request for action by the Court must only be submitted in a written motion filed with the Court in accordance with its Local Rules.